## HOFFMAN v PUGH et

Ohio Appeals, 2nd Dist., Franklin Co.

No. 3422.  Decided Feb. 5, 1942.

Robert M. Draper, Columbus, for plaintiff-appellee.

Lawrence R. Pugh, Columbus, for defendants-appellants.

## OPINION

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of defendants' appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

This is a most peculiar case, in that defendants admit practically all the allegations of plaintiff's petition and disclaim any interest in the subject-matter, yet prosecute error solely on the ground that plaintiff's petition was not dismissed.

The plaintiff in his petition against defendants alleges with complete details the purchase of a described tract of real estate at a tax sale. The petition sets out all the statutory requirements as condition precedent to the Auditor making sale of the premises for nonpayment of taxes. It further alleges that the sale was completed, that plaintiff was the purchaser, that she received a certificate and that the same had been filed and recorded in the County Recorder's office. There is also the allegation in substance that the defendants had been owners of the record title prior to the proceedings for sale.

There is also submitted with the petition interrogatories through which it was sought to ascertain if the property was in fact in the name of the defendants, if any transfers had been made to other people through unrecorded instruments, or if any other person or

persons to the knowledge of the defendants had any interest in the premises whatever.

The prayer of the petition was for quieting of title.

The defendants filed answer in which they admitted practically every allegation of the petition except those relating to any claimed interest in the premises by the defendants. It was averred in the answer that the defendants had no interest and claimed none in the premises; answered the interrogatories to the effect that they had been the owners of the record title, that no transfers had been made by any of them, and that so far as known no other person or persons had any interest in the premises. The prayer of the answer was that the petition be dismissed.

The briefs call attention to the fact that a default judgment was taken before the Court of Common Pleas contrary to the court rules and further that on application of defendants the default judgment was set aside.

At a later term plaintiff filed a motion for judgment on the pleadings and again complaint is made that notice was not served upon defendants as prescribed under the rules of court.

However, the transcript of docket and journal entries discloses that the motion was not passed upon at the time the same was filed, but at a much later date after defendants had the opportunity of being present and participating in an oral hearing. The trial court granted the prayer of plaintiff's petition and judgment entry was journalized quieting title, but ordering costs paid by plaintiff.

Following this judgment and within statutory time defendants gave notice of appeal.

It is our conclusion that the appeal must be dismissed and judgment of the lower court affirmed for two reasons:

First, before defendants can appeal from a decision of the trial court it must appear that the judgment order affected some substantial right of the defendants.

The time of the courts can not be taken up in determining purely academic questions. Measured by this standard it is apparent that defendants have lost nothing through the judgment of the Court of Common Pleas. The answer of the defendants admitted in very clear and positive terms that they had no interest in the subject-matter of the action, and the judgment of the court does no more than decree that that they have no interest in the premises.

Consequently, we do not think that the mere fact that defendants appear and disclaim any interest in the subject matter of the action should in all instances deprive the plaintiff of an order quieting title.

For instance, it is a known fact that many tracts of real estate have clouds upon the title through uncancelled judgment or mortgage liens. In many instances the purported liens have been settled, but through neglect have not been cancelled of record. The property owner has the unquestioned right to have these clouds removed from the title and the mere fact that the record owner of the apparent liens should deny anything owing would not deny the plaintiff's right to have the liens cancelled and thus remove the cloud on title.

A similar situation exists in the instant case.

It is a matter of common knowledge among lawyers that a few years back it was practically impossible to secure a good title through a tax sale.

This has been corrected through more recent legislation. However, there still remains some uncertainty as to whether or not all statutory conditions have been complied with, and the further question as to whether the record owners of the titles would have any right of redemption.

An action to quiet title is the appropriate one to have this matter determined. If the proper defendants deny any claim of title or interest the table is set for judgment on the pleadings.

Under such situation the defendants

can not be heard to complain because they have affirmatively set out in their answer that they have no interest in the subject-matter.

If they have no interest in the subject-matter and no judgment for costs is entered against them, they are unable to present any question other than an academic one.

Finding no prejudicial error, the judgment of the Court of Common Pleas will be affirmed and costs in this court adjudged against the defendants.

GEIGER, PJ. & HORNBECK, J., concur.

## APPLICATION FOR REHEARING

No 3422. Decided Feb. 26, 1942.

BY THE COURT:

The above-entitled cause is now being determined on defendants-appellants' application for rehearing.

We find nothing in the application or memorandum attached raising any different or additional questions than have already been considered by us.

The application will be overruled.

GEIGER, PJ., BARNES & HORNBECK, JJ., concur.